UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

No. 1:26-cv-02564

**Norberto Gonzalez Garcia,**
*Petitioner,*
v.
**Miguel Vergara, et al.,**
*Respondents.*

## ORDER

Norberto Gonzalez Garcia is a native and citizen of Mexico currently being detained by Respondents pending removal proceedings pursuant to 8 U.S.C. § 1225(b)(2). He filed a petition for writ of habeas corpus demanding his immediate release or an individualized bond hearing. Because his detention is lawful, his petition is denied.

## BACKGROUND

Petitioner last entered the United States at an unknown location and time. Petitioner alleges he has lived continuously in the United States since October 2005. In July 2026, local law enforcement arrested Petitioner on the charge of Assault Bodily Injury Family Violence. Petitioner was then placed into federal custody and transferred to the T. Don Hutto Detention Center in Taylor, Texas.

On September 2, 2026, Petitioner filed a petition for a writ of habeas corpus contesting his detention and seeking immediate release or an individualized bond hearing in the San Antonio Division of the Western District of Texas. The Court ordered Respondents to show cause why the writ should not be granted and Respondents answered. On September 16, 2026,

United States District Judge Fred Biery ordered this case be transferred to the Austin Division in the Western District of Texas, and the case was subsequently assigned to the undersigned United States District Judge. Petitioner replied to Respondent's answer, and the Court now addresses the petition.

## LEGAL STANDARD

"[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. CONST. art. I, § 9, cl. 2). Through 28 U.S.C. § 2241, Congress authorized federal district courts to entertain habeas corpus petitions, including petitions brought by noncitizens such as Petitioner, challenging the lawfulness of their immigration detention. *See Demore v. Kim*, 538 U.S. 510, 516–17 (2003) (confirming section 2241 jurisdiction over a constitutional challenge to immigration detention); *see also Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001). The writ exists to "grant relief from unlawful imprisonment or custody," *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976), and does not reach a challenge to a final order of removal, which Congress has channeled exclusively to the courts of appeals, *see* 8 U.S.C. § 1252(a)(5).

To obtain the writ, a petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3); *see Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam). The petitioner bears the burden of demonstrating that the challenged custody is unlawful, and the Court must "summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

## ANALYSIS

Petitioner asserts that his pre-removal detention is unlawful because it violates due process, agency regulations, and the Administrative Procedure Act ("APA"). His arguments, however, fail.

Petitioner's lead argument is that his detention without a bond hearing violates both procedural and substantive due process. But the Fifth Circuit has rejected both arguments, holding that "due process does not entitle [Petitioner] to additional proceedings beyond what Congress has provided[,]" and that an alien "ha[s] no substantive due process right to freedom from custody pending removal proceedings[.]" *Rodriguez v. Vergara*, __ F.4th __, 2026 WL 3181188, at *5, 12 (5th Cir. Oct. 23, 2026) (en banc). Because Congress expressly authorized detention of an alien "for a [removal] proceeding" without an individualized bond hearing, *id.* at *3 (alteration in original) (quoting 8 U.S.C. § 1225(b)(2)(A)), Petitioner's due process claim thus fails, *id* at *7.

Petitioner's APA claims and his arguments about Immigratoin and Naturalization Service regulations fare no better for the reasons set forth in Part III of this Court's decision in *Tapia v. Mullin*, 834 F. Supp. 3d 718 (W.D. Tex. 2026). APA relief is available only when "'there is *no other adequate remedy* in a court[.]'" *Id.* at 726 (quoting 5 U.S.C. § 704). Petitioner's APA claim thus fails because, "[b]y requesting habeas relief[,] . . . Petitioner admits that an adequate remedy exists outside of the APA." *Id*. And Petitioner's argument that INS implementing regulations entitle him to relief also fails because, where "agency regulations contradict the plain text of the governing statute, the law enacted by Congress controls."

*Id.* "[S]ection 1225(b)(2)(A) mandates detention, so any contravening regulations must give way to the statutory text." *Id.*

* * *

The petition for writ of habeas corpus is denied.

The Clerk is directed to serve this Order electronically on the United States Attorney's Office for the Western District of Texas.

*So ordered by the Court on November 19, 2026.*

ANDREW DAVIS
United States District Judge